## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Belmont Trading Co., Inc. | ) | No. 23-12083 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Judge Janet S. Baer |

### NOTICE OF EMERGENCY MOTION

**To: Attached Service List**

PLEASE TAKE NOTICE that on September 15, 2023 at 10:00 am, I will appear before the Honorable Judge Janet S. Baer, or any judge sitting in that judge's place, either in courtroom 615 of the of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, or electronically as described below, and present the motion of **Debtor in Possession's Motion for Use of Cash Collateral**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode. Meeting ID and passcode.

The meeting ID is <u>160 731 2971,</u> and the passcode is <u>587656</u>. The meeting ID and passcode can also be found on the judge's page on the court's web site.

In addition to other grounds for opposing the motion, you may oppose the motion on the basis that emergency treatment is not appropriate.

/s/ O. Allan Fridman

**CERTIFICATE OF SERVICE**

      I, O. Allan Fridman, an attorney, caused a copy of the Motion and this Notice to be served upon the attached addresses in the manner indicated and by ECF notification to registered parties and the 20 Largest Creditors, on this 14th day of September 2023.

                                      /s/ O. Allan Fridman

Atty. No. 6274954
O. Allan Fridman
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
(847) 412-0788

## SERVICE LIST

By ECF Filing and Mail:

Patrick S Layng,
Office of the U.S. Trustee Region 11
219 S Dearborn St Room 873
Chicago, Illinois 60604
USTPRegion11.MD.ECF@usdoj.gov

Suhey Ramirez
Trial Attorney
Office of the United States
Trustee 219 S. Dearborn St.,
Room 873 Chicago, Illinois 60604
Suhey.Ramirez@usdoj.gov

**By Email and Fax**

| Party | Service Method |
|---|---|
| American Express<br>P.O. Box 981537<br>El Paso, TX 79998 | FAX 623-444-3001 |
| BT Recycling Solutions S de RL deCV<br>Paseo del Valle 4915, Parque Ind.<br>Guadalajara Technology Park 45010<br>Zapopan, Jalisco, Mexico, MX | Email<br>ConsueloV@belmont-trading.com |
| Coherent Solutions<br>1600 Utica Ave S Ste 120,<br>Minneapolis, MN 55416 | Email<br>DanSchneider@coherentsolutions.com |
| Commnet Telecom Ltd<br>9 Hung To Rd<br>Kwun Tong, Kwun Tong District<br>Hong Kong | Email<br>Elvin Young elvin@commnet-cn.com |
| Comcast<br>400 White Clay Center Drive,<br>Newark, DE 19711-5468 | Overnight FedEx |
| Eastlink Intl Industrial Ltd.<br>Unit 803-04, 8/F Nanyang Plaza<br>Hung To Rd,<br>Kwun Tong, Hong Kong | Email<br>Candy Hung candy@eastlinkiil.com |
| Ericsson AB EUR<br>Torshamnsgatan 21<br>164 83 Stockholm<br>164 83 Stockholm, Sweeden | Email<br>Jens Lundstedt<br>jens.lundstedt@ericsson.com |
| EWASTE+<br>7318 Victor Mendon Rd<br>Victor, NY 14564 | Email<br>zwhyte@ewaste.com |
| FGMK, LLC<br>2801 Lakeside Dr<br>Deerfield, IL 60015 | Email<br>David Imler dimler@fgmk.com |
| GameStop, Inc.<br>625 Westport Pkwy.<br>Grapevine, TX 76051 | Email<br>Clarissa Nelson<br>ClarissaNelson@gamestop.com |
| Jacob Kassel LLC<br>1060 Brickell Ave.<br>Miami, FL 33131 | Email<br>kmorgan@morganandbleylimited.com<br>sree@rothreddy.com |

| | |
|---|---|
| KASSEL FINANCING LLC<br>C/O ALHADEFF & ROUSSO LAW, P.A.<br>11900 BISCAYNE BLVD 289<br>Miami, FL 33181 | Email<br><br>sree@rothreddy.com |
| Microsoft Corporation<br>One Microsoft Way<br>Redmond, WA 98052 | Overnight Fedex |
| Piceasoft Ltd<br>Polttimonkatu 3, 33210<br>Tampere Finland | Email<br>mikko.pyykko@piceasoft.com |
| SCT Alternative, Inc.<br>1655 Barclay Blvd<br>Buffalo Grove, IL 60089 | Email<br>Vadim Katsman<br>vadimk@sctalt.com |
| Shmouel Yaari<br>252 E 57th St 42D<br>New York, NY 10022 | Email<br> samyaari@gmail.com |
| Sikich LLP<br>1415 W Diehl Rd STE 400<br>Naperville, IL 60563 | Fax number 630-566-8401 |
| Sipi Metals Corp<br>1720 N Elston Ave<br>Chicago, IL 60642 | Email<br>amckitterick@sipi-metals.com |
| T-Mobile USA, Inc<br>12920 Se 38th St.<br>Bellevue, WA 98006 | Overnight Fedex |
| U.S. Small Business Administration<br>2 North Street Suite 320<br>Birmingham, AL 35203 | Email<br><br>David.DeCelles@usdoj.gov |
| Veridic Technologies PVT. LTD<br>2 Broadwater Way,<br>Worthing,<br>West Sussex BN BN149LP | Ankur Thakur<br>ankur.thakur@veridic.com |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Belmont Trading Co., Inc. | ) | No. 23-12083 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Judge Janet S. Baer |

## MOTION FOR AUTHORITY TO USE
## CASH COLLATERAL AND FOR RELATED RELIEF

Belmont Trading Co., Inc. Debtor and Debtor in possession ("Belmont), submits their Motion pursuant to Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court For Authority to Use of Cash Collateral and For Related Relief; and in support thereof, states as follows.

1. On September 13, 2023, ("Petition Date") the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code").

2. The Debtor continues to operate its business and is in the possession of its property pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No Trustee, examiner or creditors committee has been appointed in this case.

3. By this Motion, the Debtor requests that this Court authorize it to use certain cash and cash equivalents that allegedly serve as collateral for claims asserted against the Debtor and its property by Kassel Financing LLC, as successor in interest to PNC Bank N.A. and the U.S. Small Business Administration. ("Collectively referred to as the Lenders")

### Jurisdiction

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

1

5. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A), (M) and (O).

6. The statutory predicates for the relief requested in this Motion are Section 363 of the Bankruptcy Code, Rule 4001(b) of the Federal Rules of Bankruptcy Procedure and Rule 4001-2 of the Local Rules of this Court.

## Statement Pursuant to Local Rule

7. The financing contemplated in this Motion by and large does not implicate the provisions of Local Rule 4001-2 (A). Based upon the Debtor's proposal for the use of cash collateral, none of the disclosures required under Rule 4001-2 of the Local Rules of the Court is necessary.

## Factual Background

8. Belmont Trading Co., Inc., is an electronics recycling, processing and asset recovery company engaging in processing of electronics products, such as cellular telephones, computers, LCD panels and computer parts for the past 35 years. The Debtor receives electronic devices and process them for parts or refurbishes them to be sold.

9. Kassel Financing LLC, as successor in interest to PNC Bank N.A. ("Kassel") has a secured claim for two promissory notes in the approximate amount of $3,453,702.14. The loan is secured by:

> All assets and all personal property now owned and hereafter acquired, all now owned and hereafter acquired inventory, equipment, fixtures, goods, accounts, chattel paper, documents, instruments, farm products, letter of credit rights, payment intangibles, general intangibles, intangibles, supporting obligations, software, and all rents, issues, profits, products and proceeds thereof.

10. During the Covid-19 Pandemic the Debtor received a SBA Economic Injury Disaster Loan ("EIDL") in the amount of $350,000. The EIDL loan is secured by all the Debtors' assets.

> "Collateral" as described herein...The Collateral includes the following property that Borrower now owns or shall acquire or create immediately upon the acquisition or creation thereof: all tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto.

11. The Debtor filed its Chapter 11 case on the petition date to preserve the estate property for their creditors.

12. As shown by Exhibit A, the Debtor's business is generating income.

13. Primarily due to the Covid-19 crisis, the loss of its major client Tmobile and increased overhead expenses, the Debtor fell behind on its secured obligation. In addition, the Debtor had extensive global sales through wholly owned subsidiaries and in the Russian Market. Due to the war in Ukraine the Debtor's subsidiaries had cease operations in Russia and has ceased operations in several European countries as well.

14. Based upon the financing agreements, the cash collateral issues in this Chapter 11 case relate to the income generated by the Debtor and the funds on deposit in account(s) maintained by the Debtor.

**The Use of Cash Collateral Should Be Approved**

15. Based upon the underlying loan documents of the Lenders, the cash collateral issues in this Chapter 11 case relate to the rents generated at the Property and the funds on deposit in account(s) maintained by the Debtor.

3

16. Kassel asserts a secured lien and claim against the Property, which purportedly secures an indebtedness of approximately $3,453,702.14 and the SBA asserts a junior claim of $350,000.00.

17. In order for the Debtor to continue to operate its rental business and manage its financial affairs and effectuate an effective reorganization, it is essential that the Debtor be authorized to use cash collateral generated from the Property for, among other things, the following purposes:

    A) Maintenance and Repairs;
    B) Property Insurance;
    C) Real estate taxes;
    D) Other miscellaneous items needed in the ordinary course of business.

18. Attached to this Motion as Exhibit A is the Debtor's monthly cash flow projections for the Month (the "Budget") for the Property. This Budget itemizes the Debtor's cash needs during the relevant period.

19. Use of cash collateral to pay the actual, necessary and ordinary expenses to maintain the Debtor's business and Property, as set forth in the Budget, will preserve the value of the Debtor's assets and business and thereby ensure that the interests of creditors that have or may assert an interest in both cash collateral and the Debtor's other assets are adequately protected within the meaning of Sections 361, 362 and 363 of the Bankruptcy Code.

20. The Debtor proposes, subject to the approval of this Court, to use cash collateral in which the Lenders asserts an interest. The Debtor's proposal will permit the Debtor to sustain its business operations and reorganize its financial affairs through the implementation of a successful plan of reorganization. Furthermore, the Debtor's proposal will adequately protect the purported secured interests of the Lenders.

21. Unless the Debtor is authorized to use cash collateral in which the Lenders asserts an interest, the Debtor will be unable to continue to operate its business and manage the Property, thereby eliminating any reasonable prospect for a successful reorganization. The cessation of normal business operations by the Debtor will cause irreparable harm to the Debtor, its creditors and this estate.

22. The Debtor proposes to use cash collateral and provide adequate protection to the Lenders upon the following terms and conditions:

> A. The Debtor will permit the Lenders to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;
>
> B. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;
>
> C. The Debtor shall, upon reasonable request, make available to the Lenders evidence of that which purportedly constitutes its collateral or proceeds;
>
> D. The Debtor will reserve sufficient funds for the payment of current real estate taxes relating to the Property;
>
> E. The Debtor will properly maintain the Property in good repair and properly manage such Property; and
>
> F. The Lenders shall be granted valid, perfected, enforceable security interests in and to Debtor's post-petition assets, including all proceeds and products which are now or hereafter become property of this estate to the extent and priority of its alleged pre-petition liens, if valid, but only to the extent of any diminution in the value of such assets during the period from the commencement of the Debtor's Chapter 11 case through the next hearing on the use of cash collateral.

Further cash flow budgets, if necessary, will be submitted to this Court pursuant to this Motion. The Debtor will make the expenditures set forth in the Budget plus no more than 10% of the total proposed expense payments, unless otherwise agreed by the Lenders or upon further Order of this Court. Furthermore, in the event a particular expense budgeted for one month is not paid in such month, the right to make such payment shall be permitted in subsequent months.

**Conclusion**

23.    The Debtor requests, pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, that this Court conduct a preliminary hearing to authorize the Debtor's interim use of cash collateral pending a final hearing on this Motion.

24.    The Debtor believes that it is in the best interests of the Debtor, its creditors, and this estate to authorize it to use that portion of its cash, all or a portion of which may constitute cash collateral, in that, without the limited use of such cash as requested, the Debtor will be unable to pay and satisfy its current operating expenses thereby resulting in immediate and irreparable harm and loss to the Debtor and its estate.

25.    For the reasons set forth herein, this Court should grant the relief requested in this Motion.

WHEREFORE, Belmont Trading Co., Inc., Debtor/Debtor-in-Possession herein, requests the entry of an Order as follows:

A. Authorizing the Debtor's to use cash collateral in which the Fifth Third Bank asserts liens, upon the terms and conditions set forth in this Motion, until further Order of this Court;

B. Preliminarily authorizing the Debtors to use cash collateral pending a final hearing.

Respectfully Submitted,

By: /s/ O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd Suite 500
Northbrook, IL 60062
847-412-0788
6274954 allan@fridlg.com

**EXHIBIT A**

|  | 2 Weeks | 1 Month | 2 Months |
|---|---|---|---|
|  | 9/11-9/24/23 | 9/11-10/9/23 | 9/11-11/12/23 |
|  |  |  |  |
| Total Sales | 216,000 | 535,000 | 1,066,000 |
|  |  |  |  |
| Cost of Goods Sold: |  |  |  |
| Subcontactors EU |  | 2,600 | 6,500 |
| Purchases | 28,000 | 160,500 | 319,800 |
| Freight | 12,000 | 20,000 | 35,000 |
| Shipping Materials |  | 2,000 | 5,000 |
| Software | 2,200 | 3,000 | 5,000 |
| Security guards Outside Vendor | 1,100 | 4,500 | 9,500 |
| Rent & CAM |  | 10,000 | 20,000 |
| Utilities |  | 4,500 | 9,000 |
| **Payroll:** |  |  |  |
| Production & Indirect Labor | 58,000 | 120,000 | 245,000 |
| Production & Indirect Benefits & Taxes | 33,000 | 40,000 | 70,000 |
| Equipment Maintenance & Repair | 500 | 500 | 1,000 |
|  |  |  |  |
| **Total COGS:** | 134,800 | 367,600 | 725,800 |
|  |  |  |  |
|  |  |  |  |
| Expense: |  |  |  |
| Vehicle/Gas/Oil/Misc.: | 500 | 1,000 | 2,500 |
| Bank & CC Fees | 750 | 850 | 2,000 |
| Travel |  | 2,500 | 3,500 |
| Amazon & Ebay Fees | 5,000 | 10,000 | 20,000 |
| Computer Support | 500 | 1,500 | 3,000 |
| Dues & Subscriptions |  | 2,000 | 4,000 |
| Equipment rental | 250 | 250 | 500 |
| Insurance General | 14,000 | 14,000 | 28,000 |
| Internet Access |  | 2,500 | 5,000 |
| Office Payroll | 44,000 | 89,000 | 188,000 |
| Office Payroll Taxes & Benefits | 5,000 | 7,500 | 20,000 |

9/13/2023

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Professional Services-Outside Representatives for Europe , and financail consultant for US Operations | | | 7,000 | | 18,000 | | 30,000 | |
| Rent | | | | | 3,500 | | 7,000 | |
| Repairs/Maintenance: | | | | | 1,200 | | 2,500 | |
| Telephone | | | | | 2,500 | | 5,000 | |
| Utilities | | | 1,500 | | 1,500 | | 3,000 | |
| Miscellaneous | | | 500 | | 750 | | 1,500 | |
| | | | | | | | | |
| Office Supplies | | | 100 | | 200 | | 400 | |
| Licenses & Registration | | | | | 4,500 | | 6,600 | |
| | | | | | | | | |
| SBA EIDL Payment | | | 1,800 | | 1,800 | | 3,600 | |
| Capital Lease Obligation | | | | | | | | |
| BTRS payment | | | | | | | | |
| American Express | | | | | | | | |
| | | | | | | | | |
| Total G&A Expense: | | | 80,900 | | 165,050 | | 336,100 | |
| Net Sales | | | 81,200 | | 167,400 | | 340,200 | |
| NOP/NOL: | | | 300 | | 2,350 | | 4,100 | |

9/13/2023